# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-00018-RLV-DSC

| | |
|---|---|
| DANZIG LTD. AND BRETT BERTOLAMI, ) ) ) Plaintiffs, ) ) v. ) ) INCEPTION MINING INC., MICHAEL ) AHLIN AND TRENT D'AMBROSIO, ) ) Defendants. ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Plaintiffs' Motion to Disqualify Defendants' Counsel Barbara Polich and Antczak Polich Law LLC" (document # 8) filed April 28, 2017 and the parties' associated briefs and exhibits (documents #11 and 14).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court denies Plaintiffs' Motion to disqualify counsel as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This dispute centers on an Asset Purchase Agreement dated February 25, 2013, which together with related agreements resulted in the issuance of 16,000,000 shares in Gold American Mining Corporation. Gold American would later change its name to Inception Mining Incorporated, and is a Defendant herein. Per the Agreement, Plaintiffs received 1,565,894 shares

in Gold American. Defendant's Counsel Antczack Polich Law LLC ("Antczack") received 300,000 shares.

Plaintiffs allege that Defendants made material omissions and misrepresentations regarding a $1,000,000 capital commitment to fund the Company post-merger and their intention to register Plaintiff's shares within ninety days of executing the Agreement. Doc. 1 at ¶¶ 5, 8, 7-10; 27. Plaintiffs seek damages arising out of their reliance on these material omissions and misrepresentations, and further allege that Defendants violated their fiduciary duty by breaching some of the promises, warranties and representations made around the time of the merger. Id. at ¶¶ 8, 29, 32, 34.

In this Motion, Plaintiffs allege that Defendants' counsel should be disqualified because they have violated Rules 3.7 and 1.7 of the North Carolina Rules of Professional Conduct. They argue that Antczak was at the center of the negotiations and privy to the representations made by the individual Defendants to prospective shareholders. According to Plaintiffs, Antczak's principals are therefore material witnesses in this litigation and have a conflict of interest in representing Defendants.

## II. DISCUSSION

When considering a motion to disqualify, "[t]he guiding principle . . . is safeguarding the integrity of the court proceedings" and "the purpose of granting such motions is to eliminate the threat that the litigation will be tainted." Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 514, 517 (M.D.N.C. 1996). The court must balance (1) a party's right to his choice of counsel and the potential substantial hardship resulting from disqualification against (2) the importance of safeguarding the public trust in the judicial system. Johnson v. Brock & Scott, PLLC, No. 5:11-

cv-474-F, 2012 WL 4483916, at *7 (E.D.N.C. Sept. 26, 2012). However, "the moving party has a very high standard of proof in moving to disqualify an opposing party's counsel. It follows that a court should not disqualify a party's chosen counsel on imagined scenarios of conflict." Capacchione v. Charlotte-Mecklenburg Bd. Of Educ., 9 F.Supp.2d 572, 579 (W.D.N.C. 1998).

Pursuant to Rule 3.7 of the North Carolina Revised Rules of Professional Conduct, a lawyer may not be an advocate at trial if he is a necessary witness. Rule 3.7 provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

In determining whether to disqualify an attorney under Rule 3.7, the court must first determine whether the attorney is a "necessary witness". "A necessary witness is one whose evidence is material to issues in litigation, and which cannot be obtained elsewhere." See Cunningham v. Sams, 161 N.C.App. 295, 298, 588 S.E.2d 484, 487 (2003). An attorney may be disqualified as a "necessary witness" if (1) the attorney will give evidence material to the issues to be determined, (2) the evidence cannot be obtained elsewhere, and (3) the testimony is prejudicial or may be prejudicial to the testifying attorney's client. Metro. P'ship, Ltd. v. Harris, No. 3:06-cv-522-W, 2007 WL 2733707, at *2, (W.D.N.C. Sept. 17, 2007)(citing United States v. Dyess, 231 F.Supp.2d 493, 496 (S.D.W.Va.2002)). If the challenged attorney is deemed a necessary witness, the court must then consider whether any of the exceptions apply. Id.

The Court finds that Plaintiffs have failed to meet the high standard of proof for disqualification of counsel here. Defendants filed Declarations by Ms. Polich and Mr. Antczak stating that neither had involvement with the negotiations of the agreements at issue nor any knowledge of the negotiations between Plaintiffs and Defendants or any representations made with respect thereto. See documents #11, exhibits 1 and 2. The Court finds that Plaintiffs have failed to show that counsel are necessary witnesses in this matter. For this reason as well as the other reasons stated in Defendants' "Opposition to Plaintiffs' Motion to Dismiss Defendants' Counsel" (document #11), Plaintiffs' Motion to Disqualify Defendants' Counsel (document #8) is denied.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: June 12, 2017

David S. Cayer
United States Magistrate Judge