IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-0018-RJC-DSC

| | |
|---|---|
| **DANZIG LTD., et. al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **INCEPTION MINING, INC., et. al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on "Defendants' Rule 12(B)(2) Motion to Dismiss for Lack of Personal Jurisdiction" (document #7), "Defendants' Rule 12(B)(2) Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction" (document #13), and "Defendants' Motion to Strike Affidavit of Elliott Foxcroft" (document #15), as well as the parties' briefs and exhibits.

On January 31, 2018, these Motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

The Court has considered the "Affidavit of Elliott Foxcroft" (document 9-5). Accordingly, "Defendant's Motion to Strike" (document #15) is denied.

On May 8, 2017, Plaintiffs filed their First Amended Complaint as a matter of right. Fed. R. Civ. P. 15(a)(1)(B)(party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"). Accordingly, the Court will deny as moot "Defendants' Rule 12(B)(2) Motion to Dismiss for Lack of Personal Jurisdiction" (document #7). See Young

v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect and motions directed at superseded pleadings are to be denied as moot).

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Defendants' Rule 12(B)(2) Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction" (document #13) be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from the sale of Idaho gold mining property by non-party Inception Resources LLC to Gold American Mining Corporation ("Gold American") through a purchase of assets. Gold American is a Nevada corporation and has never been registered in North Carolina. Plaintiff Brett Bertolami was the majority shareholder in Gold American and a North Carolina resident. Defendant Michael Ahlin, a Utah resident, is the owner/manager of Inception Resources LLC, a Utah limited liability company.

Accepting the allegations of the Amended Complaint as true, the relevant business transactions were primarily negotiated between non-party Elliott Foxcroft on behalf of Plaintiff Bertolami and Defendant Trent D'Ambrosio on behalf of Defendant Ahlin. D'Ambrosio is a Utah resident. Defendants D'Ambrosio and Ahlin have had no contacts with North Carolina other than telephone and email communications during the negotiations. Foxcroft is the principal of Plaintiff Danzig Ltd ("Danzig"). Danzig is a North Carolina corporation with its principal place of business in Iredell County.

In exchange for the gold mines, Gold American issued Inception Resources, LLC sixteen million shares of its stock. Gold American was later renamed Inception Mining Inc. and is a Defendant herein. For the purposes of this Motion, the parties agree that their objective was to

allow Inception Resources, LLC, to place its gold mining assets into a publicly-traded corporation and have access to capital markets without incurring the costs of an initial public offering.

Following the sale of assets, Plaintiffs were also issued nearly 1.8 million shares in the new entity, Inception Mining Inc. Plaintiffs allege that Defendants were contractually bound to raise an additional $1 million in capital, register Plaintiffs' shares with the Securities and Exchange Commission by a certain date, and issue no other shares at a price below 35 cents per share. Plaintiffs allege that their shares were significantly devalued as a result of Defendants' breach of these obligations. Plaintiffs assert claims for securities fraud under federal and state law as well as state law claims for breach of contract, unjust enrichment, fraud, breach of fiduciary duty, and negligent representation.

On May 15, 2017, Defendants moved to dismiss, arguing there is no basis for this Court to exercise personal jurisdiction.

In their response, Plaintiffs concede that there is no basis for general personal jurisdiction. They argue that the series of emails and telephone calls primarily between Foxcroft and D'Ambrosio along with the fact that Gold American was initially "headquartered" in North Carolina provide the basis for specific personal jurisdiction.

Defendants' Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party. The non-moving party must make a prima facie showing that the exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc., 765 F.

Supp. 1246, 1248 (W.D.N.C. 1991). A plaintiff must prove facts sufficient for the Court to find that it has personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

Plaintiffs must show that the exercise of personal jurisdiction over Defendants complies with the forum state's long-arm statute and the constitutional requirements of due process. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). Since "the North Carolina long-arm statute [N.C. Gen. Stat. § 1-75.4 ] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, [the] normal two-step inquiry merges into one." Id., citing Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977). See also Thomas Centennial Communications Corp., No. 3:05CV495, 2006 WL 6151153, at *2 (W.D.N.C. December 20, 2006).

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts may be established by showing "general" or "specific" jurisdiction. Helicopteres Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

A court may exercise general jurisdiction over a non-resident defendant if that defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011). Plaintiffs concede that Defendants have not had continuous and systematic contacts with this State.

In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant in a cause of action arising from that defendant's activities in the forum state. The Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)).

> In the context of relying on a contract to establish specific jurisdiction, this Court has held that:
>
> [a] contract with a resident of a forum state does not automatically constitute sufficient contacts to support the forum's assertion of specific jurisdiction, even where the dispute arises from the contract. Rather, the contract's prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' course of dealing must evidence a 'substantial connection' between the contract and the forum in order for personal jurisdiction to properly lie.

CEM Corp. v. Personal Chemistry AB, 192 F. Supp. 2d 438, 442 (W.D.N.C. 2002) (citations and quotations omitted) (emphasis added). Courts consider a number of nonexclusive factors in the business context:

> (1) Whether the defendant maintains offices or agents in the forum state,
> (2) Whether the defendant owns property in the forum state,
> (3) Whether the defendant reached into the forum state to solicit or initiate business,
> (4) Whether the defendant deliberately engaged in significant or long-term business activities in the forum state,
> (5) Whether the parties contractually agreed that the law of the forum state would govern disputes,
> (6) Whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship,
> (7) The nature, quality and extent of the parties' communications about the business being transacted, and
> (8) Whether the performance of contractual duties was to occur within the forum.

Alacrity Renovation Services, LLC v. Long, 3:16-cv-00206-FDW-DSC, 2016 WL 4150011, at *4-5 (W.D.N.C. Aug. 3, 2016) (citing the factors laid out in Consulting Engineers Corp. v. Geometric Ltd.)

As the Fourth Circuit has explained, "[m]ore generally, our reasonableness analysis is designed to ensure that jurisdictional rules are not exploited 'in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a 'severe disadvantage' in comparison to his opponent.'" Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 217 (4th Cir. 2001) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)). As the Fourth Circuit stated in the final analysis, "[f]airness is the touchstone of the jurisdictional inquiry." Tire Eng'g. & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012), cert. denied, 133 S. Ct. 846 (2013).

Plaintiffs characterize Gold American as a "publically traded North Carolina Company," having "a principal place of business in Huntersville, NC", a "resident" of North Carolina, and "headquartered" in North Carolina. These characterizations are inaccurate. In their Amended Complaint, Plaintiffs acknowledge that Gold American was a "shell company." (Am. Compl. ¶ 2 ("Plaintiffs delivered to Individual Defendants a publicly traded 'shell' company"); ¶ 3 ("the purpose of the 'shell' Company was …."); ¶ 4 ("Plaintiffs transferred the 'shell' company to the Individual Defendants…"). Moreover, the address that Plaintiffs cite as Gold American's pre-transaction headquarters -16810 Kenton Drive, Suite 160, Huntersville, North Carolina 28078 - is actually the address of its counsel, Harold Martin of Martin and Pritchett. (Am. Compl., ¶ 21 ("Plaintiffs were represented by Attorney Harold Martin."); Am. Compl., ¶ 33). Gold American never actively engaged in business in North Carolina, much less operated a headquarters here.

Finally, Plaintiffs argue that despite the fact that the transactions were not to be performed in this State, Defendants' telephone and email communications with Plaintiffs during the negotiations establish sufficient minimum contacts. But in Alacrity Renovation Services, LLC v.

Long, the Court held that "in the absence of a contract that is substantially connected to this state . . . telephone calls and faxes to the state during negotiations do not create specific personal jurisdiction." 2016 WL 4150011, at *4-5 (citing Pan-Am. Products & Holdings, LLC v. R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 682 (M.D.N.C. 2011); CEM Corp. v. Personal Chemistry AB, 192 F. Supp. 2d 438, 442 (W.D.N.C. 2002)). For those same reasons, the parties' communications during negotiations of the asset purchase are insufficient to create specific personal jurisdiction.

For those reasons and the other reasons stated in Defendants' briefs, the undersigned respectfully recommends that the Motion to Dismiss be granted.

## III. ORDER

For the reasons stated, "Defendants' Rule 12(B)(2) Motion to Dismiss for Lack of Personal Jurisdiction" (document #7) is **DENIED AS MOOT**, and "Defendants' Motion to Strike Affidavit of Elliott Foxcroft" (document #15) is **DENIED**.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Rule 12(B)(2) Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction" (document #13) be **GRANTED** and this matter be **DISMISSED** for lack of personal jurisdiction.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v.

Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 28, 2018

_____
David S. Cayer
United States Magistrate Judge