UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00018-RJC-DSC

| | |
|---|---|
| DANZIG LTD. and BRETT BERTOLAMI, ) ) ) Plaintiffs, ) ) vs. ) ) ) INCEPTION MINING INC., ) MICHAEL AHLIN AND ) TRENT D'AMBROSIO, ) ) Defendants. ) _____) | ORDER |

**THIS MATTER** comes before the Court on Michael Ahlin's, Trent D'Ambrosio's, Inception Mining Inc.'s ("Defendants'") Motion to Dismiss for Lack of Jurisdiction, (Doc. No. 13); Brett Bertolami's and Danzig Ltd.'s ("Plaintiffs'") Response in Opposition, (Doc. No. 16); Defendants' Reply, (Doc. No. 18); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 23), recommending the Court grant Defendants' Motion.[1] No party has submitted an objection to the Magistrate Judge's M&R and the time to do so has passed. FED. R. CIV. P. 72(b)(2).

---

[1] The M&R also addressed a prior Motion to Dismiss, (Doc. No. 7), which was rendered moot by Plaintiffs' Amended Complaint, (Doc. No. 9), as well as Defendants' Motion to Strike Plaintiffs' Amended Complaint, (Doc. No. 15), which is within the Magistrate Judge's authority to dispose of.

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 23), is **ADOPTED**;
2. Defendant's Motion to Dismiss, (Doc. No. 13), is **GRANTED**; and
3. The Clerk of Court is directed to close this case.

Signed: March 29, 2018

Robert J. Conrad, Jr.
United States District Judge